UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00103-LLK

**LAURA KIMBERLY KEITH**                                                                                              **PLAINTIFF**

**v.**

**ANDREW SAUL, Commissioner of Social Security**                                          **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Plaintiff's counsel, Donna S. Thornton-Green, for attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $34,169.13. [DN 35]. The Commissioner responded in opposition, and counsel replied. [DN 37, 38]. The parties consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 9].

For the reasons below, the Court will partially GRANT and partially DENY counsel's motion [DN 35] and will AWARD counsel a fee in the amount of $8,625.

### Procedural History

The Court remanded this matter to the Commissioner for further administrative proceedings and awarded Plaintiff (and, by assignment, counsel) benefits under the Equal Access to Justice Act in the amount of $2,156.25 (17.25 hours x $125 per hour). [DN 28, 30]. On remand, the Commissioner awarded Plaintiff disability and auxiliary benefits in the amount of $136,676.50. The Commissioner is presently withholding $34,169.13 (25% of $136,676.50) of past-due benefits for payment of attorney fees.

### Discussion

The Commissioner (in his trustee-like role) argues that a Section 406(b) award of $34,169.13 would constitute a "windfall" to counsel in light of her 17.25[1] hours of Court time (amounting to a rate of

---

[1] The Commissioner's calculations are slightly different than those stated herein because he has rounded counsel's hours up to 17.5.

1

$1,980.82 per hour).  [DN 37 at 2].  The Commissioner further argues that the most the Court should award counsel is $8,625.00 (17.25 hours x $500 per hour).  [*Id.* at 4].  The Court finds both arguments to be persuasive and will award counsel the maximum fee proposed by the Commissioner.

The Sixth Circuit described the applicable analytic framework in *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308 (6th Cir. 2014).  Lasley's counsel sought a Section 406(b) fee in the amount of $26,049.73 (the full 25 percent of withheld benefits based on 35.5 hours of court work).  *Id.* at 308.  The Commissioner argued that awarding counsel that much would constitute a "windfall" to counsel.  *Id.* at 309.  The district court agreed with the Commissioner, reduced the fee to $12,780, the amount proposed by the Commissioner (35.5 hours x $360 per hour), and the Sixth Circuit affirmed.  *Id.*  The Sixth Circuit held that $360 per hour was "per se reasonable" because it was not more than "twice the standard rate" of $180 per hour, applicable to Section 406(b) fee requests in the Southern District of Ohio.  *Id.* (quoting *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991)).

Magistrate Judge Brennenstuhl recently conducted a survey of relevant caselaw and determined that the standard rate in the Western District of Kentucky is $140 per hour.  *Carter v. Comm'r*, No. 4:15-CV-00058-HBB, 2019 WL 4169895, at *6 (W.D. Ky. Sept. 3, 2019).  In this case, therefore, a fee of $4,830 (17.25 hours x $280 per hour) would be per se reasonable.

However, a "hypothetical hourly rate that is equal to or greater than twice the standard rate may [also] well be reasonable."  *Lasley v. Comm'r*, 771 F.3d 308, 309 (6th Cir. 2014) (quoting *Hayes*, 923 F.2d at 422).  In this case, the Commissioner acknowledges that "[s]ince [counsel] is more experienced than [many other attorneys], a rate somewhat closer to [a] higher goalpost (such as $500 per hour) may be appropriate."  [DN 37 at 4].  Because counsel is one of the most experienced attorneys representing Social

Security plaintiffs in the Western District of Kentucky, the Court finds that counsel is entitled to $500 per hour. Therefore, the appropriate fee in this case is $8,625 (17.25 hours x $500 per hour).[2]

**Counsel's reliance on *Culbertson*, *Barcenas*, and *Creech* is unpersuasive.**

Plaintiff argues that three cases entitle her to a Section 406(b) fee of $34,169.13: *Culbertson v. Comm'r*, 139 S.Ct. 517 (2019); *Barcenas v. Comm'r*, No. CV 16-01311-AS, 2019 WL 6736900 (C.D. Cal. Aug. 20, 2019); *Creech v. Comm'r*, No. 3:15-CV-826-J-PDB, 2020 WL 32950 (M.D. Fla. Jan. 2, 2020). [DN 38 at 1-5, 5, 5].

In *Culbertson v. Comm'r*, 139 S.Ct. 517 (2019), Culbertson represented Wood in her Social Security disability case. *Wood v. Comm'r*, 861 F.3d 1197 (11th Cir. 2017), rev'd and remanded sub nom. *Culbertson v. Berryhill*, 139 S.Ct. 517 (2019). The District Court remanded Wood's case for further administrative proceedings, which resulted in an award of benefits. *Id.* at 1201. The Social Security Administration withheld 25 percent of past-due benefits and awarded Culbertson $2,865 pursuant to Section 406(a) for his time before the Administration. *Id.* The District Court was called upon to determine Culbertson's Section 406(b) fee for his time before the Court. *Id.* Culbertson requested a fee of $4,488.48. *Id.* The District Court reduced the fee to $1,623.48 ($4,488.48 minus $2,865). *Id.* The District Court "declined to pay the full amount requested by Mr. Culbertson because it found he failed to subtract the earlier § 406(a) award in calculating his fees." *Id.*

The Supreme Court reversed and remanded with the possibility that Culbertson receive the full $4,488.48 requested (with no subtraction for Culbertson's administrative time). *Culbertson v. Berryhill*, 139 S.Ct. 517 (2019). The Court's ruling was based on interpretation of 42 U.S.C. § 406(b)(1)(A):

> Whenever a court renders a judgment favorable to a claimant under [Title II of the Social Security Act] who was **represented before the court by an attorney**, the court may determine and allow

---

[2] Counsel states (correctly) that she "understands that because the amount of attorney's fees awarded to Plaintiff pursuant to the Joint Stipulation/Agreed Order for Award of Attorney Fees under the Equal Access to Justice Act, i.e., $2,156.25, is smaller than the amount of attorney's fee herein requested [or awarded], it must be refunded to the Plaintiff." [DN 35 at 1].

3

as part of its judgment a reasonable fee for **such** representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Section 406(b)(1)(A) *(emphasis added)*. The Court determined that "such" refers back to "represent[ation] before the court by an attorney" and does not contemplate representation before the Administration. 139 S.Ct. at 518.

*Culbertson* is distinguishable because, unlike Culbertson, present counsel states she "has not sought an administrative fee pending this court's order." [DN 38 at 4]. Because the Court does not seek to reduce counsel's Section 406(b) fee based on a Section 406(a) fee she may or may not receive in the future, counsel's reliance on *Culbertson* is unpersuasive. While counsel emphasizes that she expended 135.75 hours at the administrative and court levels [DN 35 at 3; DN 38 at 4], nothing in *Culbertson* authorizes this Court to award payment for time spent at the administrative level.

Counsel's reliance on *Barcenas v. Comm'r*, No. CV 16-01311-AS, 2019 WL 6736900 (C.D. Cal. Aug. 20, 2019) is also unpersuasive. In *Barcenas*, the District Court approved a Section 406(b) fee of $22,415 for 20.4 hours of attorney time plus $388 for 3.1 hours of paralegal time, resulting in an "hourly [attorney] fee of approximately $1,099" ($22,415 divided by 20.4 hours). The Court found an "hourly rate of $1,099 reasonable under the circumstances" because, among other things, "reducing § 406(b) fees after [*Crawford v. Comm'r*, 586 F.3d 1142 (9th Cir.)] is a dicey business." *Id.* at *3 (internal quotation eliminated). As discussed above, the Sixth Circuit and this Court have consistently reduced Section 406(b) fee requests based on the number of court hours expended and the standard rate for court work. *See Lasley v. Comm'r*, 771 F.3d 308 (6th Cir. 2014); *Carter v. Comm'r*, No. 4:15-CV-00058-HBB, 2019 WL 4169895 (W.D. Ky. Sept. 3, 2019).

Finally, counsel's reliance on *Creech v. Comm'r*, No. 3:15-CV-826-J-PDB, 2020 WL 32950 (M.D. Fla. Jan. 2, 2020) is unpersuasive. In *Creech*, the District Court approved a Section 406(b) fee of $33,000 for 22.6 hours of attorney time, resulting in an hourly attorney fee of approximately $1,460 ($33,000 divided by 22.6 hours). *Creech* is inconsistent with the precedent of the Sixth Circuit and this Court.

4

**ORDER**

For the foregoing reasons, it is hereby ORDERED that attorney Donna S. Thornton-Green's motion for attorney fees under 42 U.S.C. § 406(b) [DN 35] is GRANTED, in part, and DENIED, in part. Ms. Thornton-Green is AWARDED a fee for legal services, under 42 U.S.C. § 406(b), in the amount of $8,625. The Commissioner shall PAY Ms. Thornton-Green from Plaintiff's past-due benefits being withheld for payment of attorney fees.

April 27, 2020

Lanny King, Magistrate Judge
United States District Court